

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HEYDIE K. SCIACCA, MD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 02-3627** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION "B"(4)** |

### ORDER AND REASONS

Before the Court is the **Defendant's Motion to Stay and to Waive Supersedeas Bond (Rec. Doc. No. 63),** filed by the defendant, the State of Louisiana, through its Medical Center of LA ("the defendant"). The defendant requests that the Court waive the requirement of filing a supersedeas bond that must be posted in connection with its appeal to the United States Court of Appeal for the Fifth Circuit. The defendant also requests a stay of the judgment ordering the plaintiff's reinstatement to her position at the Medical Center of LA's *Your Family Doctor* Clinic.

The plaintiff, Heydie Sciacca, M.D., does not oppose the defendant's request for a waiver of the supersedeas bond. However, the plaintiff opposes the defendant's request for a stay of the judgment ordering her reinstatement.

The motion was set for hearing, on the briefs, for May 25, 2005.

I.   **Factual and Procedural Background**

The plaintiff, Heydie K. Sciacca, M.D., ("the plaintiff"), sued the MCLNO, pursuant to Title



VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e *et seq.,* and under the Louisiana Whistleblower Law, LSA-R.S. 23:967. On September 3, 2004, after the conclusion of a five-day jury trial, the jury found in favor of the plaintiff against the defendant-employer for the plaintiff's claims of discrimination based on her Hispanic national origin and for retaliation. Accordingly, on September 21, 2004, the Court entered judgment for a back pay award of $259,013.00 and a compensatory damages award of $160,000.00 with post judgment interest and costs. (Rec. Doc. No. 48).

On March 29, 2005, the Court, in granting the defendant's motion for remittitur, maintained the back pay award, but reduced the compensatory damages award to $100,000.00. (Rec. Doc. Nos. 50 and 58). Further, on April 15, 2005, the Court, finding that reinstatement was feasible, granted the plaintiff's motion for equitable relief and ordered that she be reinstated to her position as a physician at the *Your Family Doctor* Clinic. (Rec. Doc. Nos. 48 and 59). On April 27, 2005, the defendant filed its notice of appeal and paid the appropriate filing fee. (Rec. Doc. No. 60). On May 5, 2005, the defendant filed the subject motion. ( Rec. Doc. No. 63)

In the subject motion, the defendant advances two requests, that: (1) the Court suspend the requirement that it post a bond citing Fed. R. Civ. P. 62(f) and LSA-R.S. 13:4581 and (2) stay the enforcement of the judgment pending appeal. As an initial matter, because the defendant failed to request a stay of the judgment in advance of submitting its notice of appeal, the Court must first address the issue of whether it retains jurisdiction to now consider this request.

II. **Legal Analysis**

    A. **Jurisdiction**

The defendant contends that this Court retains jurisdiction to decide whether its judgments

should be stayed even though the State of Louisiana has filed its appeal of the judgment. The defendant asserts that this Court maintains the right to make orders appropriate to preserve the status quo while a case is pending on appeal. In so doing, the defendant cites *Walle Corp. v. Rockwell Graphic Systems, Inc.*, 1993 WL 35226 *1 (E.D. La. 1993) (J. Clement).[1]

The plaintiff contends that because the Notice of Appeal was filed, this Court no longer has jurisdiction over this matter and cannot now consider the defendant's motion, citing *Acevedo-Garcia v. Vera-Monroig*, 368 F.3d 49 (1st Cir. 2004).[2]

Generally, it is true that once an appeal is noticed, the district court is divested of jurisdiction and the matter is transferred immediately to the appellate court. *Farmhand v. Anel Engineering Industries, Inc.*, 693 F.2d 1140, 1145 (5th Cir. 1982); *Mazurek v. United States*, 2001 WL 616668 (E.D.La. April 20, 2001).

In *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982), the United States Supreme Court set forth the principle that the filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. *Id.* at 58, 103 S.Ct. 400; *see also Gundacker v. Unisys Corp.*, 151 F.3d 842, 848 (8th Cir.1998) ("Generally, a notice of appeal divests the district court of jurisdiction.")

Under the jurisdictional transfer principle, once an effective and timely notice of appeal has

---

[1] In *Walle*, the defendant, after cross-appeals had been filed, sought injunctive relief in the District Court to safeguard a printing press in the plaintiff's possession that the Court ordered returned to the defendant. The Court stated that it is well-settled that it has the right to make orders appropriate to preserve the status quo while a case is pending on appeal.

[2] In *Acevedo*, the District Court, after a matter had been appealed, ordered numerous plaintiffs reinstated as a sanction, which the defendant contended it has no jurisdiction to do so. However, the appellate court found that the district court maintained contempt powers over any party who violated a court order.

been filed under Federal Rule of Appellate Procedure 3, the federal district court cannot take any action that would "alter the status of the case as it rests before the Court of Appeals." *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir.1990); *see State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir.1999) ("while an appeal is pending, the district court may not reexamine or supplement the order being appealed") (citing 20 MOORE'S FEDERAL PRACTICE § 303.32[2][a][ii] & n. 15); Allan Ides, *The Authority of a Federal District Court to Proceed After a Notice of Appeal has Been Filed*, 143 F.R.D. 307, 308 (1992) (listing the following actions as acts that would impermissibly alter the status of the case in violation of the jurisdictional transfer principle: "grant leave to amend a complaint, grant a motion for summary judgment, reconsider a prior disposition of a motion, dismiss a case pursuant to a stipulation of settlement, enjoin a state court action, materially amend an opinion or order, [and] vacate a dismissal").

The Circuit Court in *Farmhand, Inc. v. Anel Eng'g Indus.*, 693 F.2d 1140, 1145 (5th Cir. 1982) stated that the "district court maintains jurisdiction for other matters such as ordering stays or modifying injunctive relief. *Id. at 1146* Further, Appellate Rule 8(a) provides that a party must ordinarily move first in the district court for the following relief:

    A.    a stay of the judgment or order of a district court pending appeal;

    B.    approval of a supersedeas bond; or

    C.    an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.

Consequently, even though the notice of appeal was filed prior to the subject motion being submitted, the Court retains jurisdiction to consider the issue before it. Having determined that jurisdiction exists, the Court will proceed with the merits of this matter.

**B.     Waiver of the Supersedeas Bond**

The defendant seeks a stay of the execution of the monetary judgment pursuant to Federal Rule of Civil Procedure 62(f) and La. R.S. 13:4581. The plaintiff does not oppose the defendant's request.

Rule 62(f) provides that in any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled to such a stay as would be accorded the judgment debtor had the action been maintained in the courts of that state. However, Louisiana Constitution article 12, section 10 (C) provides that "no judgment against the state...shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which the judgment is rendered." Therefore according to the state constitution, the judgment would be payable from funds allocated by the legislature and the judgment does not, on its face, constitute a lien on state property.

In this instance, the applicable statutory provision governing stay of execution of judgments when the state is a judgment creditor is set forth in La. R.S. 13:4581. This statute provides that the state is not required to furnish any appeal bond in a proceeding that arises from activities within the course and scope of its duties and employment. Courts have found that such judgment creditors are entitled to a stay pursuant to La. R.S. 13:4581, and are exempt from furnishing an appeal bond as the legislature shall appropriate funds for the payments of judgments. (See *Castillo v. Oms,* 1992 WL 167038 (E.D. La. June 29, 1992; *Castillo v. Montelepre,* 999 F.2d 931 (5th Cir. 1993); *Baltazor v. Holmes and the Orleans Parish Sch. Bd.,* 1997 WL 240753 (E.D. La. May 8, 1997); *U.S. v. Orleans Parish Sch. Bd.,* 1999 WL 294798 (E. D. La. May 10, 1999); *Burge v. St. Tammany Parish*

*Sheriff's Office*, 2001 WL 1104640 (E.D. La. Sept. 19, 2001); *Cozzo v. Parish of Tangipahoa*, 2000 WL 224141 (E.D. La. Feb. 16, 2000). The Court therefore finds that the defendant's request to waive the requirement of posting a supersedeas bond pending appeal is granted.

### C.   Stay of the Judgment Ordering Reinstatement

Finally, the defendant requests a stay of the Court's order for immediate reinstatement of Dr. Sciacca pending completion of the credentialing process. It contends that each physician must go through a credentialing process and that Dr. Sciacca's credentials expired in March 2005. The defendants also present a "conflict issue" in that two of the members of its Credentialing Committee, Drs. Myra Kleinpeter and Jorge Martinez, testified adversely to the plaintiff during the trial.

The plaintiff contends that reinstatement is a form of equitable relief and therefore, not subject to a stay. Further, the plaintiff contends that (1) the judgment did not impose any condition to her reinstatement, (2) the defendant did not indicate in any earlier pleading that they believed the credentialing equivalent should apply, and (3) that any such condition would bar her reinstatement as she has maintained her license to practice medicine and DEA registration, both of which are sufficient for her employment as a fee-based physician at the Military Entrance Processing Station. Additionally, the plaintiff argues that she was unlawfully terminated and has been unable to obtain substantially equivalent employment.

The Court further notes that the defendant did not address the issue of credentialing in its opposition to the plaintiff's motion for equitable relief. (*See* Rec. Doc. No. 49). The Court further notes that the defendant has provided it with a copy of its Bylaws and a PowerPoint presentation on the credentialing process for obtaining appointment and reappointment to the Medical Staff. (*See* Rec. Doc. No. 72, Exhibits "A" and "B") Further, physicians must agree to abide by the MCLNO

Bylaws and Rules and Regulations in the interest of quality patient care. *Id.* The Court observes that Dr. Sciacca is not seeking reappointment in the general sense and as the jury found, she was unlawfully terminated as a result of origin discrimination. The newly disclosed credentialing process is an apparent last ditch attempt to further delay the plaintiff's ability to be restored to the place where she should be, treating patients in the *Your Family Doctor Clinic*, which would thwart the intent of Title VII law.

During the plaintiff's eight-year employment with the defendant, she did not encounter any difficulties with credentialing such that the Court anticipates that credentialing would now pose a problem. For example, the plaintiff has submitted her completed application packet for Medical Staff Privileges to the Court, which was approved and recommended by the Department Chair and the Dean. (*See* Rec. Doc. No. 84). The record shows that the Department Chair and Dean approved her application on June 9, 2005 and June 13, 2005, respectively.

Her application is currently in the investigation phase which requires the Office of the Director of Medical Staff Services to check in the National Practitioner Data Bank and then report the findings to the Credentialing Committee for review. The Court notes that the Bylaws as referenced do not provide a meeting schedule for the Credentialing Committee. This suggests that the committee meets on an as needed basis and would likely convene a meeting upon receipt of the report, a process that could reasonably be accomplished within thirty days. The suggestion that Drs. Kleinpeter and Martinez may need to be recused from committee deliberations is not a sufficient reason to delay the plaintiff's reinstatement. Therefore, the defendant's request for a stay of the plaintiff's immediate reinstatement is denied.

Accordingly,

**IT IS ORDERED** that the **Defendant's Motion to Stay and to Waive Supersedeas Bond (Rec. Doc. No. 63)** is hereby **GRANTED IN PART AS UNOPPOSED AND DENIED IN PART AS FOLLOWS:**

(1) **GRANTED IN PART AS UNOPPOSED** to the extent that the defendant requests that the Court dispense with the requirement of posting a supersedeas bond, effectively staying the judgment awarding monetary damages, pursuant to Federal Rule of Civil Procedure 62(f).

(2) **DENIED IN PART** to the extent that the defendant requests the Court to stay its judgment ordering the plaintiff's immediate reinstatement to her position as a physician at the *Your Family Doctor* Clinic.

New Orleans, Louisiana, this _____ day of July 2005.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE